CASE 52—ACTION TO RECOVER LOGS AND DAMAGES FOR THEIR TAKING AND DETENTION—Sep. 18.

# Hileman, &c. v. Day Bros. Lumber Co.

APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFFS APPEAL.   REVERSED.

CORPORATIONS—VENUE OF ACTION—TORT—ACTION TO RECOVER GOODS WRONGFULLY TAKEN—MOTION TO DISMISS.

Held: 1. Under Civil Code Practice, section 72, providing, with certain exceptions, that an action for a tort against a corporation which has an office or place of business in this State must be brought in the county in which such office or place of business is situated, "or in the county in which the tort is committed," an action against a corporation to recover logs and damages for their taking was properly brought in the county in which they were alleged to have been wrongfully taken and held by defendant; the allegations of the petition, though they may be defective, being sufficient to constitute a statement of a tortious taking of the logs.

2. A defective statement of a cause of action can not be taken advantage of by a motion to dismiss.

S. B. DISHMAN, ATTORNEY FOR APELLANTS.

The action was brought by appellants against Day Bros. Lumber Co., to recover the possession of certain logs wrongfully taken by appellees in Letcher county, and damages for their detention. The petition alleges that the Day Bros. Lumber Co. has wrongfully and against plaintiff's will and consent in

Letcher county taken possession of said logs and now wrong-fully hold possession thereof, &c.

The petition shows that the Day Bros. Lumber Co. is a corporation with its place of business at Jackson, in Breathitt county. Summons was issued to and served in Breathitt county.

On motion of Day Bros. Lumber Co., the plaintiff's action was dismissed for want of jurisdiction, on the ground that the defendant did not reside in and was not summoned in Letcher county, and from this order this appeal is prosecuted.

We contend that the tort complained of was committed in Letcher county, and that the Letcher circuit court has jurisdiction of the action.

### AUTHORITIES CITED.

Civil Code, secs. 72, 518, 126, sub sec. 4.

J. J. C. BACH, ATTORNEY FOR APPELLEE..

An action against a corporation to recover the possession of specific personal property must be brought in the county in which its office or place of business is situated or in which its officer or agent resides. Civil Code, sec. 72.

OPINION OF THE COURT BY JUDGE DuRELLE—REVERSING.

Appellants brought this suit in Letcher county against appellee company, a corporation having its office and place of business in Breathitt county. The averments of the petition are that the appellants are the owners, and entitled to the immediate possession, of certain described logs, and that appellee company has wrongfully and against appellants' will, and without their consent, in Letcher county, taken possession of the logs, and now wrongfully holds possession thereof, and has so held them for thirty days preceding the bringing of the suit, to the great damage of appellants. The prayer is for judgment for the logs and for damages. The circuit court on motion dismissed the petition, on the theory that the suit was not for a tort, within the meaning of section 72 of the Civil Code, and that the Letcher circuit court had therefore no

jurisdiction.    The Code section provides, with certain specified exceptions, that "an action against a corporation which has an office or place of business in this State . . . must be brought in the county in which such office or place of business is situated, . . . or if it be upon a contract in the above named county, or in the county in which the contract is made or to be performed, or, if it be for tort, in the first named county or the county in which the tort is committed." Whether the petition is sufficient, under section 181 of the Code, to authorize an order of delivery, is a question not presented here.    The question is solely of jurisdiction.

Assuming that the conflict of the authorities as to whether the common-law action of detinue was an action of contract should, in this State, under Luke v. Marshall, 5 J. J. Marsh, 353, be considered as settled in the affirmative, we are still of the opinion that the allegations in this case, whether defective or not, are a statement of a tortious taking of the logs.   If the statement is defective, the defect can not be taken advantage of by motion to dismiss.   The judgment is therefore reversed, and cause remanded, with directions to set aside the order of dismissal, and for other proceedings consistent herewith.